**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

PETER C. THURMAN,
               Appellant,

      v.

DEPARTMENT OF THE NAVY,
               Agency.

DOCKET NUMBER
SF-0432-13-0524-I-1

DATE: September 4, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Peter C. Thurman, Port Orchard, Washington, pro se.

Lisa A. Evans, Esquire, Silverdale, Washington, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was employed as a GS-12 Mechanical Engineer at the agency's Naval Facilities Engineering Command Northwest in Bremerton, Washington. Initial Appeal File (IAF), Tab 4 at 19. On January 27, 2012, the appellant's supervisor informed the appellant that his performance was unacceptable in Critical Element (CE) 2 of his position—Execution of Duties. *Id.* at 19-21. On April 5, 2012, the supervisor issued a performance improvement plan (PIP) to the appellant for a period of 90 days. *Id.* at 22-25. The appellant was indefinitely suspended effective June 22, 2012, and he did not return to work until October 11, 2012. *Id.* at 26, 28-31. Because the appellant did not have an opportunity to complete the PIP due to his indefinite suspension, on November 29, 2013, the agency extended the PIP to February 27, 2013. *Id.* at 26-27.

¶3 On April 10, 2013, the appellant's supervisor proposed the appellant's removal for Unacceptable Performance in CE 2. IAF, Tab 4 at 41-43. The notice of proposed removal specified that the appellant failed to demonstrate minimally

acceptable performance in CE 2 based on his untimely work on three projects that he had been assigned during the PIP[2] and the insufficient quality of his work. *Id.* The appellant submitted a written reply. *Id.* at 44-45. The deciding official sustained the charge of Unacceptable Performance in the critical element of Execution of Duties and the appellant was removed from his position effective May 10, 2013. *Id.* at 18, 46-49.

¶4    The appellant filed a Board appeal challenging his removal and requested a hearing. IAF, Tab 1. He asserted that his performance was acceptable and that his "product and services are satisfactory and timely." *Id.* at 5. He also raised affirmative defenses of race discrimination based on disparate treatment and disparate impact. IAF, Tabs 10, 13.

¶5    After holding the requested hearing, the administrative judge issued an initial decision that affirmed the appellant's removal. IAF, Tab 21, Initial Decision (ID). The administrative judge found that the performance standard for CE 2 was valid, the agency communicated that standard to the appellant, the appellant failed to demonstrate acceptable performance with respect to CE 2, and the agency afforded the appellant a reasonable opportunity to demonstrate acceptable performance. ID at 9-17. The administrative judge also found that the appellant failed to prove his affirmative defenses. ID at 17-21.

---

[2] These projects, which were assigned to the appellant during the period from November 29, 2012, to February 27, 2013, were as follows: (1) a Feasibility Study of Addition of Dust Collector Controls in various buildings at the Puget Sound Naval Shipyard (PSNS); (2) a Feasibility Study of Addition of Sand Blaster Controls in various buildings at the PSNS; and (3) the Correction of Code Violations in one building at the PSNS. IAF, Tab 4 at 33, 41-42. A fourth project assigned to the appellant during the same period is not at issue here because the appellant's supervisor found that the appellant provided an acceptable explanation for failing to complete that project. *See id.* at 38.

¶6     The appellant has filed a petition for review, with a supplement.  Petition for Review (PFR) File, Tabs 4, 6.  The agency has filed a response in opposition to the petition for review.[3]  PFR File, Tab 7.

**ANALYSIS**

¶7     To prevail in an appeal of a performance-based removal under chapter 43, the agency must establish by substantial evidence that:  (1) the agency communicated to the appellant the performance standards and critical elements of his position; (2) the appellant's performance standards are valid under 5 U.S.C. § 4302(b)(1); (3) the agency warned the appellant of the inadequacies of his performance during the appraisal period and gave him an adequate opportunity to improve; and (4) after an adequate improvement period, the appellant's performance remained unacceptable in at least one critical element.[4]  *Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 6 (2013). Substantial evidence is the "degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree." 5 C.F.R. § 1201.56(c)(1).

The administrative judge correctly found that the performance standard at issue here is valid and that the agency communicated the standard to the appellant.

¶8     The portion of the appellant's performance plan pertaining to CE 2 describes "acceptable" performance for CE 2 as follows:  "Willingly accepts work assignments, properly follows instructions, uses technical knowledge, and applies skills needed to produce a product or service of good quality in a timely and

---

[3] Several months after the record closed on review, the appellant filed an additional pleading.  PFR File, Tab 8.  Although entitled "Motion for Summary Judgment," this submission is essentially a request that the Board issue a final decision in this matter.  *Id.*

[4] The agency also has the burden of proving that the Office of Personnel Management has approved the agency's performance appraisal system and any significant changes thereto, if the appellant raises such a challenge.  *Daigle v. Department of Veterans Affairs*, 84 M.S.P.R. 625, ¶¶ 11-12 (1999).  The appellant did not raise this issue in the instant case.  ID at 8.

responsive manner." IAF, Tab 4 at 20. On review the appellant does not challenge the administrative judge's finding that the agency proved by substantial evidence that the performance standard at issue here is valid. *See* ID at 11. We discern no reason to disturb the administrative judge's explained finding regarding this issue.

¶9 As for whether the agency met its burden of proving that it communicated to the appellant his performance standard for CE 2, the administrative judge found that the documentary evidence and the hearing testimony reflect that CE 2 was communicated to the appellant by various means at various times, including the PIP notice and meetings with his supervisor. ID at 11 (citing IAF, Tab 4 and Hearing Compact Disc (HCD) (testimony of the appellant's supervisor)). In particular, the administrative judge found that the record reflects that the appellant's supervisor met and communicated with the appellant throughout the PIP to provide feedback and answer questions about CE 2. ID at 11. The documentary evidence, which includes the supervisor's notes from these meetings, supports this finding. *See* IAF, Tab 4 at 33-40. Therefore, we discern no reason to disturb the administrative judge's finding that the agency met its burden of proving that the appellant's performance standard for CE 2 was communicated to the appellant. ID at 11.

The administrative judge correctly found that the agency proved by substantial evidence that the appellant failed to demonstrate acceptable performance regarding CE 2.

¶10 In addressing whether the agency proved that the appellant failed to demonstrate acceptable performance regarding CE 2, the administrative judge considered the relevant documentary evidence and hearing testimony, including the testimony of the appellant and his supervisor. *See* ID at 12-15. In his hearing testimony, as summarized in the initial decision, the appellant's supervisor stated that the appellant failed to complete the first project within the PIP period and that the project was performed in an unacceptable method in terms of timeliness

and quality. ID at 5-6. The appellant's supervisor testified that the appellant's performance on the second project was unsatisfactory on the same bases. ID at 6. As for the third project, the supervisor testified that the appellant failed to deliver a work product that could be reviewed within the PIP deadline. ID at 6. In particular, the supervisor testified that the appellant failed to provide essential information for the third project, including cost estimates and drawings. ID at 6. He stated that, without such information, the project was unacceptable in terms of CE 2 because the work product was incomplete and untimely. ID at 6.

¶11    By contrast, in his hearing testimony, the appellant testified that he completed the projects within budget and on time. *See* ID at 13. The administrative judge rejected this contention, noting that, in his response to the notice of proposed removal, the appellant conceded that he failed to complete the first two of the three assignments at issue on time and stated that he completed the third project after the PIP ended. ID at 13, *see* IAF, Tab 4 at 44. The administrative judge found that, although the appellant may have met the internal customers' deadlines for the projects, the relevant deadlines for purposes of the PIP were the ones set forth in the PIP. ID at 13. In that regard, the administrative judge found that the record reflects that, throughout the PIP period, the appellant's supervisor discussed the timeframes for the underlying tasks and conveyed the PIP deadlines for the three projects at issue here and related subordinate tasks needed to complete the projects. ID at 13-14; *see* IAF, Tab 4 at 33-40.

¶12    The administrative judge found that the record reflects that the appellant was unable to complete any of the three projects at issue within the PIP period. ID at 13 (citing IAF, Tab 4, testimony of the appellant's supervisor); *see* IAF, Tab 4 at 39. The administrative judge found that, because none of the PIP assignments were completed, the appellant failed to meet, inter alia, the timeliness requirement for acceptable performance in CE 2. ID at 14. The administrative judge found that a reasonable person could agree with the

appellant's supervisor that the appellant's performance was inadequate in that the appellant failed to timely complete any of the assignments at issue during the PIP. ID at 15. Thus, the administrative judge found that the agency showed by substantial evidence that the appellant failed to demonstrate acceptable performance concerning CE 2. ID at 15.

¶13    The appellant challenges this finding on review, asserting that he completed all three PIP assignments at issue in this appeal—two in January 2013 and the remaining project in March 2013. PFR File, Tab 4 at 3, Tab 6 at 3. The appellant also contends that "all projects received were completed as required by [his supervisor] and customers, as no customers complained about [his] work and [his supervisor] resumed issuing regular assignments to [him] after the PIP ended . . ., never stating that [the appellant failed the PIP] until April 10, 2013." PFR File, Tab 6 at 3.

¶14    We find these arguments unpersuasive. In finding that the agency proved by substantial evidence that the appellant failed to demonstrate acceptable performance regarding CE 2, the administrative judge thoroughly considered the relevant documentary evidence and hearing testimony regarding the projects underlying the agency's charge of unacceptable performance. ID at 12-15. The record supports the administrative judge's finding that the appellant failed to complete any of the three projects at issue within the extended 3-month PIP period. ID at 13. In particular, we note that the appellant's supervisor's progress notes regarding the projects at issue reflect that the appellant did not complete any of those projects before the end of the extended PIP period. *See* IAF, Tab 4 at 40 (stating that, as of February 28, 2013, none of the assignments had been completed).

¶15    We also find unpersuasive the appellant's contention on review that he demonstrated acceptable performance during the PIP because there were no complaints about his work from internal customers, and his supervisor continued to assign him work after the PIP and did not inform him that he had failed the PIP

until several weeks later. PFR File, Tab 4 at 3, Tab 6 at 3. Contrary to the appellant's contention, neither the absence of customer complaints nor the fact that his supervisor did not inform him that he had failed the PIP until several weeks after the PIP ended demonstrate that his performance was acceptable.

The administrative judge correctly found that the agency proved by substantial evidence that it afforded the appellant a reasonable opportunity to demonstrate acceptable performance regarding CE 2.

¶16    We also discern no reason to disturb the administrative judge's finding that the agency proved by substantial evidence that it afforded the appellant a reasonable opportunity to demonstrate acceptable performance. *See* ID at 17. As the administrative judge noted, the documentary evidence memorializes a series of one-on-one PIP review and coaching meetings, with accompanying task discussions, time estimates, and deadlines; the appellant's supervisor engaged in ongoing discussions and meetings with the appellant regarding any concerns he may have had with completing this PIP; and the appellant was given timeline guidance for performing tasks, in addition to overall deadlines, and extensions as unexpected issues arose, to ensure that he had an opportunity to plan and execute each of these reviewed tasks. ID at 15-16; *see* IAF, Tab 4 at 32-40.

¶17    On review, the appellant's only argument regarding the issue of whether he had an opportunity to demonstrate acceptable performance consists of his claim that he was not properly mentored during his tenure with the agency. PFR File, Tab 6 at 3 (citing ID at 16). The administrative judge properly rejected this argument, finding that, while the appellant may feel that he should have received additional and/or different mentoring, this does not explain or justify the poor quantity and quality of his work. ID at 16-17.

The administrative judge correctly found that the appellant failed to prove his affirmative defenses.

¶18    As noted above, during the proceedings below the appellant raised affirmative defenses of race discrimination based on disparate treatment and

disparate impact.  IAF, Tab 10 at 13, Tab 13.  The appellant appears to reassert his disparate treatment claim on review, alleging that the administrative judge erred in finding that race was not a factor in the agency's decision to remove him. PFR File, Tab 4 at 4.

*Race discrimination based on disparate treatment*

¶19    To establish a claim of prohibited employment discrimination, an employee first must establish a prima facie case; the burden of going forward then shifts to the agency to articulate a legitimate, nondiscriminatory reason for its action; and, finally, the employee must show that the agency's stated reason is merely a pretext for prohibited discrimination.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).  Regarding disparate treatment, an employee may establish a prima facie case of prohibited discrimination by introducing preponderant evidence to show that he is a member of a protected group, he was similarly situated to an individual who was not a member of the protected group, and he was treated more harshly or disparately than the individual who was not a member of his protected group.  *Buckler v. Federal Retirement Thrift Investment Board*, 73 M.S.P.R. 476, 497 (1997).  However, in a case like this, where the record is complete and a hearing has been held, the Board will proceed directly to the ultimate question of whether the appellant has demonstrated by a preponderance of the evidence that the agency's reason for its actions was a pretext for discrimination.  *Berry v. Department of Commerce*, 105 M.S.P.R. 596, ¶ 10 (2007).

¶20    The administrative judge noted that both the appellant's supervisor and the deciding official testified that the sole basis for their actions was the appellant's workplace performance.  ID at 18-19.  Applying the factors for resolving credibility issues set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), the administrative judge credited the testimony of both witnesses, finding that their testimony was "straight-forward, largely consistent, and based on personal knowledge as a percipient witness."  ID at 19.  In addition, he found

that their stated reasons for taking the actions at issue were "specific, detailed, largely consistent with the written record, and not inherently improbable." ID at 19. Based on the record as a whole, the administrative judge found that the appellant failed to show by preponderant evidence that he was subjected to disparate treatment discrimination based on race. ID at 20.

¶21 The appellant challenges this finding on review, arguing that the administrative judge "ignored racial comments made at work to [a]ppellant, and acts or words of hostility or hatred toward [a]ppellant at work." PFR File, Tab 4 at 4. He also asserts that his supervisor and the deciding official are not credible witnesses. PFR File, Tab 6.

¶22 We find the appellant's arguments unavailing. The appellant does not specify what acts or words the administrative judge allegedly ignored and, in any event, the administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Regarding the appellant's apparent objection to the administrative judge's credibility determinations, the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). While the appellant clearly does not agree with the administrative judge's credibility determinations, he has failed to advance any sufficiently sound reasons for overturning them. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980).

*Race discrimination based on disparate impact*

¶23 To establish a prima facie case of disparate impact, the appellant must identify the specific employment practice that is challenged as responsible for the statistical disparities and show that the application of the particular practice

created the disparate impact. *See Stern v. Federal Trade Commission*, 46 M.S.P.R. 328, 333 (1990). That is, the appellant must, as an initial matter, present sufficient statistical evidence to prove that the employment practice at issue fell more harshly on one group than another. *Hidalgo v. Department of Justice,* 93 M.S.P.R. 645, 653 (2003). If the appellant demonstrates that the agency uses a particular employment practice that causes a disparate impact, the agency must either show that it does not cause such impact or demonstrate that the practice is job-related for the position in question and consistent with business necessity. IAF, Tab 11 (citing 42 U.S.C. §§ 2000e-2(k)(1)(A)(i), 2000e-2(k)(1)(B)(ii)). An appellant may also establish disparate impact by showing the availability of alternative practices that achieve the same business ends with less impact on the protected group. IAF Tab 11 (citing 42 U.S.C. § 2000e-(2)(k)(1)(C)); *Stern*, 46 M.S.P.R at 333.

¶24    The administrative judge explained in the initial decision that the appellant identified the employment practice at issue as the agency's practice of transferring employees who are "not wanted in the workplace" for reasons other than work performance, resulting in a stifling environment for the transferred employee, rather than addressing the "behavior as necessary to nullify those reasons." ID at 21 (quoting IAF, Tab 13). The administrative judge found that the appellant presented inadequate evidence to support his apparent assertion that it was an agency practice to transfer employees as alleged and further found that it was unclear how the appellant was affected by such an alleged policy based on his testimony that he had been performing these duties in the years leading up to the PIP. ID at 21. In addition, the administrative judge found that the appellant failed to adequately show that the application of any such practice created a disparate impact based on race and failed to present any statistical evidence showing that transfers, or any identified  employment practice, fell more harshly on one group than another. ID at 21. The administrative judge therefore found

that the appellant failed to support by preponderant evidence his claim of discrimination on the basis of disparate impact. ID at 21.

¶25    Aside from his assertions on review that "white males are traditionally concentrated at the top ranks of the Navy," "most white males have every intention of keeping with that tradition," and "black males are traditionally concentrated at the bottom of the Navy," PFR File, Tab 6 at 3, the appellant does not offer any argument or evidence addressing his disparate impact claim. Based on our review of the record, we find no reason to disturb the administrative judge's finding that the appellant failed to prove this affirmative defense.

The severity of the penalty

¶26    The appellant also seems to argue on review that the penalty of removal was too severe in light of his work record and length of service. PFR File, Tab 4 at 4. The administrative judge correctly rejected this argument. ID at 21-22. As the administrative judge explained, the Board has no authority to mitigate a removal or demotion taken under 5 U.S.C. chapter 43 for unacceptable performance. ID at 21-22 (citing *Davis v. Department of Health & Human Services*, 58 M.S.P.R. 538, 541 (1993)).

Judicial bias claim

¶27    On review, the appellant also raises an apparent claim of judicial bias and asks the Board to assign this appeal to another administrative judge. PFR File, Tab 4 at 1. In support of this request, the appellant states that he believes the administrative judge "will never make a decision in favor of [the a]ppellant against [the a]gency" and "will never acknowledge or interpret testimony, evidence, submissions or law in a manner favorable to [the appellant] against [the a]gency." *Id.* The appellant asserts that this belief is based on the administrative

judge's written and verbal correspondence with him in both this and his prior Board appeal.[5] *Id.*

¶28    In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if his comments or actions evidence a deep-seated favoritism or antagonism that would make fair judgment impossible. *See Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 15 (2011), *aff'd*, 498 F. App'x 1 (Fed. Cir. 2012). The appellant's allegations on review, which do not relate to any extrajudicial conduct by the administrative judge, neither overcome the presumption of honesty and integrity that accompanies an administrative judge, nor establish that the administrative judge showed a deep-seated favoritism or antagonism that would make fair judgment impossible.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

---

[5] In his prior Board appeal, the appellant challenged the agency's decision to indefinitely suspend him based on his loss of access to classified information. *Thurman v. Department of the Navy*, MSPB Docket No. SF-3443-12-0727-I-1 (0727), IAF, Tab 1. The administrative judge issued an initial decision dismissing the appeal as untimely filed without good cause shown for the filing delay.  0727, IAF, Tab 10, Initial Decision.  On review, the Board affirmed the initial decision in a nonprecedential final order dated September 16, 2013.

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.