**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| HARRY J. FRANQUI,<br>　　　　　　Appellant, | DOCKET NUMBER<br>SF-0752-14-0147-I-1 |
| 　　　　v. | |
| DEPARTMENT OF THE INTERIOR,<br>　　　　　　Agency. | DATE: November 20, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brook L. Beesley, Alameda, California, for the appellant.

Felippe Moncarz, Esquire, Boise, Idaho, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed his removal for failure to meet a condition of employment. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant, a GS-7 armed Security Guard, was required to pass a public trust background investigation and reinvestigation every ten years as a condition of his employment. Initial Appeal File (IAF) Tab 4, Subtab 4-A at 1, 66, 68. In 2013, his position sensitivity increased to high risk public trust, and he was required to undergo an upgraded background reinvestigation in order to meet the position requirements. *Id.* at 95-98. The Office of Personnel Management (OPM) completed the background reinvestigation and forwarded the results to the agency's security office for a suitability determination. IAF, Tab 4, Subtab 4-B; *see* IAF, Tab 4, Subtab 4-A at 76. On July 22, 2013, the security office sent the appellant a Letter of Interrogatory (LOI) identifying five significant concerns uncovered by his background reinvestigation: (1) lack of integrity and trustworthiness; (2) pattern of employment misconduct; (3) lack of candor/dishonesty on government forms; (4) history of domestic violence; and (5) financial delinquency (child support). IAF, Tab 4, Subtab 4-A at 76-83. The LOI advised the appellant that these issues required further clarification before a

determination could be made and afforded him the opportunity to submit information to explain or mitigate the seriousness of the identified misconduct. *Id.* The LOI further informed the appellant that he had 30 days to submit a response and explained how to request a copy of the background reinvestigation from OPM. *Id.* at 81. The appellant emailed the security office on August 17, 2013, but did not provide any substantive response to explain and/or mitigate the seriousness of the alleged misconduct. *See id.* at 90; *see also id.* at 72. An officer with the security office responded to his email and referred him to the LOI for the information he had requested. *Id.* at 92. She extended the deadline for the appellant to respond to the LOI by 7 days, *id.*, but the appellant did not submit any further response, *see id.* at 94.

¶3 Having not received any mitigating information from the appellant, the security office issued an adverse background reinvestigation determination finding that the appellant could no longer occupy any public trust or low risk/non-sensitive position. *Id.* at 72-73. As a result, the agency proposed to remove the appellant for failure to meet a condition of employment. *Id.* at 62-64. The appellant gave an oral reply, in which he argued, among other things, that the proposal notice lacked sufficient specificity and that the agency failed to provide him copies of all the evidence underlying the charge. *Id.* at 11-13. The deciding official sustained the removal effective October 31, 2013. *Id.* at 1 (Standard Form 50), 3-5 (decision letter), 7-10 (*Douglas* factors worksheet).

¶4 The appellant timely appealed the removal, and the administrative judge found that the agency had proven the charge, nexus, and reasonableness of the penalty and that the appellant had failed to show a due process violation or harmful procedural error. IAF, Tab 32, Initial Decision (ID).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 The appellant has petitioned for review of the initial decision, wherein he reiterates his argument below that the agency violated his due process rights

because the proposed removal lacked specificity and did not include copies of the documents relating to the background reinvestigation. Petition for Review (PFR) File, Tab 1 at 2, 5; *see*, IAF, Tab 1 at 3, Tab 6, Tab 30. He further argues that the administrative judge erred by failing to rule on his motion to strike documents from the agency's response file and by sanctioning him. PFR File, Tab 1 at 3, 6. The agency has responded in opposition, and the appellant has submitted a reply to the response. *Id*., Tabs 3-4.

<u>The agency proved the charge, nexus, and reasonableness of the penalty.</u>

¶6        The charge of failure to fulfill a condition of employment contains two elements that the agency must prove:  (1) the requirement at issue is a condition of employment; and (2) the appellant failed to meet that condition. *Gallegos v. Department of the Air Force*, 121 M.S.P.R. 349, ¶ 6 (2014). Absent evidence of bad faith or patent unfairness, the Board defers to the agency's requirements that must be fulfilled for an individual to qualify for appointment to, or to retain, a particular position. *Id.*

¶7        The record shows that the appellant's position required him to successfully pass a public trust background investigation, IAF, Tab 4, Subtab 4-A at 65-66, and that he failed to do so, *id.* at 72-73. The appellant does not dispute that he was subject to this condition of employment or that he failed to meet it. *See* PFR File, Tab 1. Likewise, he has not alleged, much less shown, that the agency's application of the employment condition was patently unfair or based on bad faith. *See id.*; *see also Gallegos*, 121 M.S.P.R. 349, ¶ 11. Accordingly, we agree with the administrative judge that the agency proved by preponderant evidence that:  (1) obtaining a favorable public trust background reinvestigation determination was a condition of the appellant's employment; and (2) the appellant failed to meet this condition. ID at 9-10. We also agree that a nexus exists between the sustained charge and the efficiency of the federal service as the appellant could no longer hold his public trust position or perform his duties.

ID at 13; *see Penland v. Department of the Interior*, 115 M.S.P.R. 474, ¶ 11 (2010). Finally, the appellant does not challenge, and we discern no reason to disturb, the administrative judge's conclusion that the penalty of removal is reasonable for the sustained charge. *See* ID at 17; *see also Penland*, 115 M.S.P.R. 474, ¶¶ 11-12.

The appellant has failed to show that the agency violated his due process rights.

¶8    As he did below, the appellant argues that the agency violated his due process rights because it based his removal on material that was not provided to him and on charges and evidence not specified in the proposal notice. PFR File, Tab 1 at 2, 5. It is well settled that a tenured public employee facing removal is entitled to procedural due process; at a minimum, he is entitled to notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story before termination. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). Procedural due process guarantees are not met if the employee has notice of only certain charges or portions of the evidence and the deciding official considers new and material information. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999).

¶9    In the instant case, the record reflects, and the parties do not dispute, that the removal was based on the appellant's failure to successfully pass a public trust background investigation, not on the merits or factual predicate of the suitability determination itself. *See* IAF, Tab 4, Subtab 4-A at 3, 62-64; PFR File, Tab 1. Consequently, the only relevant factual disputes that could have been raised with respect to the charge were whether: (1) the appellant's position required him to pass a public trust background investigation; and (2) he did or did not receive a favorable determination. *See Gallegos*, 121 M.S.P.R. 349, ¶ 6. Because the merits of the agency's charge did not hinge on any factual disputes concerning the merits of the suitability determination, the appellant's due process

right to contest the charge was not compromised by the fact that the agency did not provide him with the documentation or specific factors on which the security office relied in rendering the suitability determination.  Further, there is no indication that the deciding official considered or relied upon the background reinvestigation.[2]  *See* IAF, Tab 4, Subtab 4-A at 3, 62-63.  Accordingly, we agree with the administrative judge that the appellant has failed to show that the agency deprived him of his due process rights.  *See* ID at 15.

¶10     Further, the appellant has not shown harmful procedural error.  Assuming arguendo that these documents were necessary to provide the appellant sufficient notice, the security office previously informed the appellant of the specific issues and factual bases underlying the adverse background investigation determination and advised him on what he had to do to obtain a copy of the background investigation from OPM.  *See* IAF, Tab 4, Subtab 4-A at 76-82.  As such, he had access to the material and information he complains was improperly withheld.  *See Alvarado v. Department of the Air Force*, 97 M.S.P.R. 389, ¶ 15 (2004) (there is no requirement that a proposal be a self-contained document).  Furthermore, the appellant has not shown how the alleged error adversely affected his substantive rights.  *See Ray v. Department of the Army*, 97 M.S.P.R. 101, ¶ 12 (2004) (an agency error is harmful and requires reversal of the agency decision only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error), *aff'd*, 176 F. App'x 110 (Fed. Cir. 2006).

---

[2] In sustaining the charge, the agency relied on the three enclosures provided with the proposal notice:  the agency directive requiring background investigations for armed security guards, IAF, Tab 4, Subtab 4-A at 65, the appellant's employment offer letter setting forth the background investigation requirement, *id.* at 66-71, and the adverse background reinvestigation determination notice, *id.* at 72-73.  According to the agency, neither the deciding nor proposing official had access to the OPM background investigation or LOI.  IAF, Tab 4, Subtab 1 at 3 n. 2.

<u>The administrative judge did not err by reviewing the suitability determination.</u>

¶11     The appellant also argues that the administrative judge erred by substantively substituting what she considered to be a more appropriate charge and factual basis for the removal rather than adjudicating the removal solely on the grounds invoked by the agency. PFR File, Tab 1 at 4. His argument appears to be based on the administrative judge's background discussion of the suitability determination, *see id.* (citing ID at 2-7), although we note that she also reviewed the validity of the suitability determination and concluded that the agency had a reasonable basis to find the appellant unsuitable, ID at 10-13.

¶12     On review, the appellant has failed to establish adjudicatory error. First, as discussed above, the administrative judge did not uphold the removal based on any fact or allegation contained in the background investigation; rather, she upheld the removal based on the appellant's failure to successfully pass a public trust background investigation, which was a condition of his employment. *See* ID at 9-10, 13, 17. Second, insofar as the administrative judge reviewed the validity of the underlying suitability determination, ID at 10-13, it is well settled that, in appeals such as this, when the charge involves the agency's decision to revoke an employee's qualification for a position, the Board's authority generally extends to a review of the merits of that revocation. *Williams v. Department of Defense*, 117 M.S.P.R. 675, ¶ 12 (2012); *see Adams v. Department of the Army*, 105 M.S.P.R. 50, ¶ 10 (2007), *aff'd*, 273 F. App'x 947 (Fed. Cir. 2008). Thus, the administrative judge did not commit an adjudicatory error, and, in any event, the appellant has not shown that his substantive rights were harmed by the administrative judge's review of the suitability determination. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).

<u>The administrative judge did not err in sanctioning the appellant.</u>

¶13     Given the appellant's repeated failures to comply with the prehearing orders,[3] the administrative judge ordered him to show cause why a sanction should not be imposed disallowing any testimony or evidence on his affirmative defenses, including, but not limited to, discrimination, reprisal of any kind, and harmful procedural error.  IAF, Tab 24 at 2.  The appellant responded that he did not have to submit a prehearing submission or clarify any affirmative defense because "there is no requirement under current Board regulation that [the appellant] must submit a prehearing submission and/or employ affirmative defense(s)," and he should not be sanctioned for "simply decid[ing] not to avail himself of [the] prehearing submission opportunity."  IAF, Tab 26 at 2-3.  The administrative judge found that the appellant failed to show good cause for his failures to submit a prehearing submission or respond to her previous order regarding affirmative defenses and, accordingly, ordered that the appellant was prohibited from introducing evidence on discrimination, reprisal, or harmful procedural error at the hearing.  IAF, Tabs 24, 27.  Several days before it was scheduled, the appellant withdrew his request for a hearing, IAF, Tabs 8, 28, and instead submitted a declaration as his closing brief, IAF, Tab 30.  Therein, he attested that his mental health condition affected his ability to respond to the charges against him and reiterated his complaints about the agency's failure to properly notify him of the charges against him and/or provide him all supporting

---

[3] In his initial appeal, the appellant alleged harmful procedural error based on the agency's reliance on the "OPM information" and the lack of specific information in the proposal notice, and raised affirmative defenses of reprisal for whistleblowing and discrimination.  IAF, Tab 1 at 3, 5.  The administrative judge ordered the appellant to provide information clarifying his whistleblowing and discrimination claims, IAF, Tab 7, and ordered the parties to submit their prehearing submissions, IAF, Tab 8.  She also advised that the parties would be limited at the hearing to the evidence and witnesses identified in their prehearing submissions.  *Id.*  Despite these orders, the appellant failed to provide information on his affirmative defenses and failed to submit a prehearing submission.

documentation. *Id.* The appellant also referenced a prior equal employment opportunity complaint based on reprisal perpetrated by the same managers and supervisors involved in the removal action at issue in this appeal. *Id.* at 4.

¶14 In the initial decision, the administrative judge noted that, in light of the sanctions against the appellant, she would not consider the evidence of discrimination and retaliation that the appellant attempted to introduce in his closing brief and would not further address the defenses. ID at 8 n. 3. On petition for review, the appellant challenges the sanction as adjudicatory error. PFR File, Tab 1 at 6.

¶15 Pursuant to 5 C.F.R. § 1201.43, an administrative judge may impose sanctions upon a party as necessary to serve the ends of justice. *Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 11 (2011), *aff'd*, 498 F. App'x 1 (Fed. Cir. 2012). When a party fails to comply with an order, the administrative judge may "[p]rohibit the party failing to comply with the order from introducing evidence concerning the information sought, or from otherwise relying upon testimony related to that information." 5 C.F.R. § 1201.43(a)(2). The Board will not ordinarily disturb an administrative judge's determination to impose a sanction unless it is shown that the administrative judge abused her discretion or that her erroneous ruling adversely affected a party's substantive rights. *Simon v. Department of Commerce*, 111 M.S.P.R. 381, ¶ 11 (2009).

¶16 The appellant has not shown that the administrative judge abused her discretion when she precluded him from submitting additional evidence regarding discrimination, reprisal, and harmful procedural error after he failed to comply with her orders to clarify his affirmative defenses and submit a prehearing submission. *See Smets*, 117 M.S.P.R. 164, ¶ 12 (finding no abuse of discretion where administrative judge precluded the appellant from submitting additional evidence regarding her discrimination claim after the appellant did not comply with an order to appear for a deposition).

<u>The administrative judge properly denied the appellant's motion to strike.</u>

¶17    The appellant argues on review that the administrative judge failed to rule on his motion to strike documentation related to the OPM background reinvestigation from the agency's response file and that the documents should be stricken from the record.[4]  PFR File, Tab 1 at 6.  According to the appellant, because these documents were not provided to him prior to his oral reply to the proposed removal, their inclusion in the record violated his due process rights and was prejudicial.

¶18    Regarding his claim that the administrative judge failed to rule on his motion to strike, the appellant is mistake; the administrative judge denied his motion to strike.  IAF, Tab 12 at 2.  Regarding his argument that the documents included in the agency file violated his rights, there is no requirement that the agency limit its prehearing submission to the Board to the information provided to the appellant with the proposal notice.  The cases cited by the appellant address procedures within the employing agency, not appeals before the Board.  Accordingly, his claim is without merit.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.  There are several options for further review set forth in the paragraphs below.  You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

---

[4] Specifically, the appellant moved to strike the LOI, notice of reinvestigation, and OPM's investigative file from the agency's response file.  IAF, Tab 6; *see* IAF, Tab 4, Subtab 4-A at 76-98, Subtab 4-B at 1-170.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to

file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims:  Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:           _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.