NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JANICE R. SMETS,**
*Petitioner,*

v.

**DEPARTMENT OF THE NAVY,**
*Respondent.*

---

2012-3047

---

Petition for review from the Merit Systems Protection Board in consolidated Case Nos. SF0432100699-I-1 and SF1221110039-W-1.

---

Decided: November 14, 2012

---

BENNETT M. ROLFE, of Beaumont, California, for petitioner.

SHELLEY D. WEGER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director. Of counsel

was KATHERINE W. HOWARD, Assistant Counsel, Navel Air Weapons Division, United States Department of the Navy, of China Lake, California.

---

Before RADER, *Chief Judge*, LINN and WALLACH, *Circuit Judges*.

PER CURIAM.

The Department of the Navy removed petitioner Janice Smets from her position as a Contract Specialist. Ms. Smets filed two appeals with the Merit Systems Protection Board ("the Board") challenging the agency's decision to remove her. In the first appeal, Ms. Smets brought an Individual Right of Action appeal ("the IRA appeal") alleging that the proposal to remove her was due to whistleblower retaliation. *See* 5 U.S.C. § 2302(b)(8). In the second appeal ("the removal appeal"), Ms. Smets challenged her removal, and alleged various affirmative defenses. *See* 5 U.S.C. § 4303(e)(2). After consideration by an administrative judge, the Board adopted the administrative judge's findings sustaining the removal decision. Because substantial record evidence supports the Board's decision and because the administrative judge's procedural, evidentiary, and sanctions rulings were not abuses of discretion, this court affirms.

## I.

Janice Smets worked in the field of federal acquisitions for over thirty years. By 2007, she occupied the position of Contract Specialist, GS-12, with the Air Force. On January 6, 2008, Ms. Smets transferred to the Department of the Navy and began working as a Supervisory Contract Specialist, GS-14. Ms. Smets did not satisfactorily complete the one-year probationary period for her GS-14 promotion. Instead, in October of 2008, she

became a Contract Specialist, GS-12 position at the Naval Air Warfare Center, Weapons Division (NAWCWD) office in Point Mugu, California.

While at the Navy, Ms. Smets was supervised by the Deputy Director of Contracts at NAWCWD. On August 13, 2009, the Deputy Director issued Ms. Smets' first performance review, covering Ms. Smets' work from July 1, 2008 to July 31, 2009. The review gave Ms. Smets an "acceptable," or passing, rating. The Deputy Director emailed Ms. Smets on the same day to inform her that her performance was only "marginally" acceptable and needed to improve in various ways.

On October 6, 2009, and February 16, 2010, Ms. Smets contacted the Executive Director of NAWCWD regarding alleged violations of contract and fiscal law by the Deputy Director. These disclosures are the basis of Ms. Smets' whistleblower claims.

The Deputy Director provided Ms. Smets with a 60-day Performance Improvement Plan ("PIP") on January 12, 2010. The PIP formally notified Ms. Smets that she was performing at an "unacceptable level" and that failure to improve performance consistent with the PIP could result in removal. The PIP identified areas for improvement, and contained a list of specific tasks for Ms. Smets to complete. Ms. Smets did not complete any of the tasks assigned in the PIP. At the end of the PIP period, the Deputy Director issued a notice proposing Ms. Smets' removal based on the PIP results.

On April 29, 2010, the Director for Contracts concluded Ms. Smets' performance during the PIP had been inadequate and removed her effective May 5, 2010. As noted earlier, Ms. Smets' filed both a whistleblower complaint and a challenge to her removal. An administrative judge decided both cases on the written record and

rejected Ms. Smets' claims. The Board consolidated Ms. Smets' appeals and adopted the administrative judge's decisions in each appeal. *Smets v. Dep't of Navy*, Nos. SF-0432-10-0699-I-1 and SF-1221-11-0039-W-1, 2011 MSPB 97 (M.S.P.B. Nov. 23, 2011).

## II.

The administrative judge initially scheduled a hearing for the removal and IRA appeals for April 26–27, 2011. On the morning of the hearing, Ms. Smets moved to postpone the hearing and sought reconsideration of the decision to exclude five witnesses. The administrative judge denied those motions and granted Ms. Smets' additional motion for a decision on the written record. After ruling on Ms. Smets' motions, the administrative judge granted the agency's motion to sanction Ms. Smets, and prohibited her from supplementing the written record with any further evidence regarding her disability discrimination defense.

In its initial decision in the IRA appeal on June 7, 2011, the administrative tribunal found that while Ms. Smets had made protected disclosures under 5 U.S.C. § 2302(b)(8), Ms. Smets had failed to prove by a preponderance of the evidence that her disclosures were a contributing factor to her removal. In the alternative, the administrative judge found that, under *Carr v. Social Security Administration*, the Navy had proved by clear and convincing evidence that Ms. Smets would have been removed even if she had made no protected disclosures. 185 F.3d 1318, 1322 (Fed. Cir. 1999). In support of this conclusion, the administrative decision quoted extensively from various declarations in the record. One declaration was from an attorney at the Navy Office of General Counsel who was responsible for providing legal advice to employees at NAWCWD. *Smets v. Dep't of Navy*, No. SF-

1221-11-0039-W-1, slip op. at 20 (M.S.P.B. June 7, 2011) ("*Initial Decision*").   The attorney declared that Ms. Smets' questions and arguments to him "reflected incompetence and an inability to follow the Federal Acquisition Regulations … and management policy and direction." *Id.*   The Deputy Director's declaration states that "Ms. Smets completed less than 20% of the number of contract actions her peers were completing." *Id.* at 18.

The administrative judge issued an initial decision in the removal appeal on June 3, 2011.  Like the IRA appeal, the removal appeal included a whistleblower retaliation theory, which the judge treated as an affirmative defense in the context of an appeal under 5 U.S.C. § 4303(e)(2).  As in the IRA appeal, the administrative forum concluded that the agency had shown by clear and convincing evidence that Ms. Smets would have been removed regardless of her disclosures.  The administrative judge also rejected Ms. Smets' other affirmative defenses, including age and disability discrimination, as unsupported by any evidence.  The Board adopted the administrative judge's disposition of the merits as its own, and also found no abuse of discretion in the other administrative procedural, evidentiary, and sanctions rulings.

On appeal, Ms. Smets challenges the Board's conclusion that she would have been removed regardless of her disclosures. Ms. Smets also challenges several other discretionary decisions: the exclusion of five of Ms. Smets' proposed witnesses, the denial of Ms. Smets' motion to postpone the hearing, and the grant of the agency's motion for sanctions.  This court has jurisdiction under 28 U.S.C. § 1295(a)(9).

## III.

A decision of the Board must be affirmed unless it is "(1) arbitrary, capricious, an abuse of discretion, or other-

wise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Massa v. Dep't of Def.,* 815 F.2d 69, 72 (Fed. Cir. 1987) (internal quotation marks omitted).

"Procedural matters relative to discovery and evidentiary issues fall within the sound discretion of the board and its officials." *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988). "If an abuse of discretion [occurs] with respect to [] discovery and evidentiary rulings, in order for petitioner to prevail … he must prove that the error caused substantial harm or prejudice to his rights which could have affected the outcome of the case." *Id.* at 1379.

Under the Whistleblower Protection Act of 1989, an employee must show a protected disclosure and a personal action subsequent to the disclosure. In addition, the disclosure must be a contributing factor to the personnel action. *Carr*, 185 F.3d at 1322. If the employee proves each of these elements by a preponderance of the evidence, then "the agency must prove by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosure." *Id.*

As an initial matter, the Navy argues that this court lacks jurisdiction to review the sanctions order because it related to the removal appeal. The removal appeal involved both claims of discrimination and challenges to appealable agency action (i.e., the removal itself). This court lacks jurisdiction over such "mixed cases" if the petitioner's allegations of discrimination are not waived and are non-frivolous. *See Hill v. Dep't of Air Force*, 796

F.2d 1469, 1470–71 (Fed. Cir. 1986). Because of this restriction on our jurisdiction, petitioners to this court are required to file a statement indicating whether discrimination issues persist in their cases. Fed. Cir. R. 15(c). The Rule 15(c) statement allows petitioners to avoid mixed-case jurisdictional issues by expressly waiving discrimination claims. Ms. Smets filed a Rule 15(c) statement, but instead of waiving her discrimination claims, Ms. Smets stated that "[n]o claim of discrimination by reason of race, sex, age, national origin, or handicapped condition has been or will be made in this case." *Id.* Of course, the administrative judge's initial decisions make clear that Ms. Smets made allegations of discrimination, but in this case they do not defeat our jurisdiction.

While this court may not review the merits of discrimination claims in mixed cases, "we may perform such review as is necessary to determine whether a cognizable claim for discrimination has been presented." *Dedrick v. Berry*, 573 F.3d 1278, 1280 (Fed. Cir. 2009). The Board held that no evidence supported Ms. Smets' age and disability discrimination allegations, and Ms. Smets has not challenged that determination here. Bare allegations unsupported by evidence do not amount to a cognizable claim of discrimination that will deprive this court of jurisdiction. Therefore, this court will address the merits of the remaining issues in both appeals.

The Board concluded that the agency proved by clear and convincing evidence that Ms. Smets would have been removed anyway even without her disclosures. The record completely supports this conclusion. For example, the record contains numerous declarations documenting Ms. Smets' "failure to complete work, the impact this had on customers, her lack of productivity, her false assumptions and placing blame on others and her refusal to follow management's prerogative and counsel's advice."

*Initial Decision* at 21.  The Board properly adopted these findings.

Ms. Smets does not identify any errors by the Board, nor does she point to any evidence that would call the Board's conclusions into question.  Ms. Smets merely asserts that the Board's findings were incorrect.  After a review of the record, this court finds the decision of the Board to be supported by substantial evidence.  Because this point is dispositive of Ms. Smets' whistleblower retaliation theories, it is unnecessary to address Ms. Smets' other whistleblowing-related arguments.

Ms. Smets also challenges the administrative judge's procedural, evidentiary, and sanctions rulings.  This court finds no abuse of discretion in any of these determinations.  Accordingly, the decision of the Board is affirmed.

**AFFIRMED**