**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TINA MANSON ZABITCHUCK, | DOCKET NUMBER |
| Appellant, | DC-0752-13-0655-I-1 |
| v. | |
| INTER-AMERICAN FOUNDATION, | DATE: September 11, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Darrin W. Gibbons, Esquire, Richmond, Virginia, for the appellant.

Josh C. Hildreth, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal without prejudice. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the November 7, 2013 initial decision dismissing the appeal without prejudice, DEEM the appeal timely refiled, and FORWARD this case to the Washington Regional Office for docketing as a refiled appeal.

## BACKGROUND

¶2  Effective May 3, 2013, the agency removed the appellant from her Human Resources Specialist position based on a charge of Absence Without Approved Leave. Initial Appeal File (IAF), Tab 8 at 18. On appeal to the Board, the appellant requested a hearing and raised affirmative defenses of age discrimination, harmful procedural error, retaliation for whistleblowing, and retaliation for filing an equal employment opportunity complaint. IAF, Tabs 1, 14.

¶3  On June 24, 2013, the agency filed a motion to suspend processing of the appeal for 30 days. IAF, Tab 3 at 4. The administrative judge issued an order suspending the processing of the appeal for 30 days. IAF, Tab 5.

¶4  On September 16, and 20, 2013, respectively, the appellant filed a motion to compel discovery and a motion to suspend the appeal for 30 days to allow for the rescheduling of depositions of individuals who would be unavailable at the time

of their previously scheduled depositions. IAF, Tabs 12, 15. The agency also filed a motion to compel discovery. IAF, Tab 16.

¶5    By order dated November 6, 2013, the administrative judge denied the appellant's motion to compel discovery[2] and granted in part the agency's motion to compel discovery, ordering the appellant to provide the information requested in five of the agency's interrogatories. IAF, Tab 19. Regarding the appellant's motion to suspend processing of the appeal for 30 days, the administrative judge found that it was instead appropriate to dismiss the appeal without prejudice for 60 days. *Id.*

¶6    Accordingly, on November 7, 2013, the administrative judge issued an initial decision that dismissed the appeal without prejudice. IAF, Tab 22, Initial Decision (ID) at 1. The appellant has filed a petition for review, alleging that the administrative judge abused her discretion by dismissing the appeal without prejudice solely for the purpose of evading the Board's 120-day adjudication standard.[3] Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the petition for review. PFR File, Tab 3.

**ANALYSIS**

The administrative judge did not abuse her discretion by dismissing the appeal without prejudice.

¶7    An administrative judge has wide discretion to dismiss an appeal without prejudice in the interests of fairness, due process, and administrative efficiency, and the administrative judge may order such a dismissal at the request of one or both parties, or to avoid a lengthy or indefinite continuance. *Thomas v. Department of the Treasury*, 115 M.S.P.R. 224, ¶ 7 (2010). An administrative

---

[2] Although the administrative judge, in the order, stated that she denied "the agency's motion to compel," IAF, Tab 19 at 1, it is clear that she meant the appellant's motion.

[3] The 120-day deadline for adjudicating cases is a yardstick that the Board relies upon to evaluate its administrative judges and its success rate in expeditiously processing its appeals. *See Milner v. Department of Justice*, 87 M.S.P.R. 660, ¶ 9 (2001).

judge may not, however, dismiss an appeal without prejudice solely to avoid exceeding the 120-day adjudication standard. *See Milner*, 87 M.S.P.R. 660, ¶¶ 9, 13 (finding that the administrative judge abused her discretion when she dismissed three consolidated cases without prejudice to refiling solely to avoid exceeding the 120-day adjudication standard).

¶8        Because the administrative judge did not dismiss the appellant's appeal without prejudice solely to avoid exceeding the 120-day adjudication standard but to allow the parties time to complete discovery, and thus avoid a lengthy or indefinite continuance, we find that the administrative judge did not abuse her discretion by dismissing the appeal without prejudice.

¶9        The appellant filed this petition for review, however, before the date set forth by the administrative judge for refiling the appeal on her own motion. *See* ID at 2. The refiling date imposed by the administrative judge has now passed. We therefore find that the appellant's petition for review constitutes notice that she is refiling her appeal, and we deem the appeal to be timely refiled. *See, e.g.*, *Brakefield v. Department of Commerce*, 113 M.S.P.R. 237, ¶ 4 (2010); *Milberger v. Department of Health & Human Services*, 82 M.S.P.R. 72, ¶ 4 (1999); *Hart v. Department of Veterans Affairs,* 80 M.S.P.R. 279, ¶ 7 (1998).

The appellant's remaining arguments on review.

*Ex parte communications*

¶10       The appellant also argues on review that the administrative judge engaged in prohibited ex parte communications when she discussed the agency's motion to suspend the appeal for 30 days during her June 24, 2013 telephone conversation with the agency's representative. PFR File, Tab 1 at 4-5. The Board's regulations define an ex parte communication as an oral or written communication between a decision-making official of the Board and an interested party to a proceeding, when that communication is made without providing the other parties to the appeal with a chance to participate. 5 C.F.R. § 1201.101(a). Not all ex parte communications are prohibited. *Id.* Rather, ex parte

communications are prohibited if they involve the merits of the case or violate rules requiring submissions to be in writing. *Mitchell v. Department of the Treasury*, 68 M.S.P.R. 504, 508 (1995); 5 C.F.R. § 1201.101(a).

¶11     The June 24, 2013 telephone conversation involved the agency's motion to suspend the appeal and not the merits of the case, and the agency had submitted its motion in writing. Therefore, we find that the administrative judge did not engage in prohibited ex parte communications, as alleged by the appellant. *See Fitzpatrick v. Department of Justice*, 91 M.S.P.R. 556, ¶ 16 (ex parte contacts were not improper because they concerned a procedural matter and the status of the case).

*The administrative judge's discovery rulings*

¶12     The appellant also argues on review that the administrative judge erred in denying her motion to compel discovery. PFR File, Tab 1 at 7. Given our ultimate findings here, the proper course of action regarding her objections to the administrative judge's discovery rulings is for the appellant to renew her motion to compel once the appeal is forwarded to the regional office. Depending upon what occurs during the processing of the appeal, the appellant alternatively could preserve her objection for review by the Board after the administrative judge issues an initial decision concerning the merits of her removal appeal. *See Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 9 (2002).

*Allegation of judicial bias*

¶13     In her petition for review, the appellant also requests that the Board reassign this case to another administrative judge, asserting that "it is apparent that the appellant is unlikely to receive a fair adjudication of her appeal before the previously assigned administrative judge . . . ." PFR File, Tab 1 at 7-8. In support of her request, the appellant contends that the administrative judge granted the agency's motion for a 30-day suspension without providing the appellant an opportunity to respond to the motion, yet denied the appellant's request for a 30-day suspension to conduct discovery based only upon the

administrative judge's personal workload and inability to process the appeal within 120 days. *Id.* at 8. In addition, the appellant asserts that the administrative judge "twice ordered the appellant to provide information on affirmative claims via written orders that required almost immediate responses when such an immediate response was unnecessary and imprudent given that discovery remained open." *Id.*

¶14     In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if her comments or actions evidence a deep-seated favoritism or antagonism that would make fair judgment impossible. *See Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 15 (2011), *aff'd*, 498 F. App'x 1 (Fed. Cir. 2012). The appellant's allegations on review, which relate solely to the administrative judge's rulings and not to any extrajudicial conduct by the administrative judge, neither overcome the presumption of honesty and integrity that accompanies an administrative judge, nor establish that the administrative judge showed a deep-seated favoritism or antagonism that would make fair judgment impossible. We therefore find no reason to order this appeal reassigned to another administrative judge.

¶15     This is the final decision of the Merit Systems Protection Board on the appellant's petition for review of the November 7, 2013 initial decision. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)). We FORWARD the file to the Washington Regional Office for docketing and adjudication as a refiled appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision. There are several options for further review set forth in the paragraphs below. You may

choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If

you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.   42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims:  Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their

respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.