**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

VICTORINO MONTALVO,
                    Appellant,

                    v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                    Agency.

DOCKET NUMBER
AT-831M-16-0268-I-1

DATE: August 17, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Victorino Montalvo, Orlando, Florida, pro se.

Tynika Faison Johnson, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of a reconsideration decision of the Office of Personnel Management (OPM) finding that he received an overpayment of disability retirement annuity benefits.  Generally, we grant petitions such as this one only

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        On April 20, 1999, the appellant retired from the position of Clerk Register with the U.S. Postal Service and began receiving disability retirement annuity benefits.  Initial Appeal File (IAF), Tab 1 at 1, 3, Tab 5 at 8.  In a letter dated January 18, 2006, OPM informed the appellant that he was no longer eligible to receive these benefits as of June 2002, and found that, as a result, he had been overpaid.  IAF, Tab 5 at 19.  On February 1, 2006, the appellant requested reconsideration of OPM's initial decision and a waiver of the overpayment.  *Id.* at 8, 14.  On August 28, 2008, the U.S. Bankruptcy Court, Middle District of Florida, granted the appellant a discharge of certain debt under 11 U.S.C. § 727.  *Id.* at 17.

¶3        In a letter dated September 21, 2015, OPM acknowledged the appellant's request for reconsideration and apologized for the lengthy delay in making a final decision.  *Id.* at 14.  OPM also stated that it needed information on the appellant's current financial condition and directed him to complete and return an updated

Financial Resources Questionnaire. *Id.* at 14-15. On October 19, 2015, the appellant mailed to OPM a copy of his bankruptcy notice and requested the reinstatement of his disability retirement benefits. IAF, Tab 1 at 7-9. He also attached an updated Financial Resources Questionnaire. *Id.* at 12-17. On December 17, 2015, OPM issued a reconsideration decision affirming its initial decision and denying his request for a waiver of the overpayment. IAF, Tab 5 at 8‑11.

¶4      The appellant filed an appeal of the reconsideration decision and requested a hearing. IAF, Tab 1 at 1-5. OPM filed a motion to dismiss the appeal stating that it had rescinded the reconsideration decision and intended to issue a new one to consider the effect of the appellant's bankruptcy on the overpayment. IAF, Tab 8 at 4. Without holding the requested hearing, the administrative judge issued an initial decision granting OPM's motion and dismissing the appeal for lack of jurisdiction. IAF, Tab 9, Initial Decision (ID) at 1‑2.

¶5      The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not responded.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence.[2] 5 C.F.R. § 1201.56(b)(2)(i)(A). The Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under either the Federal Employees' Retirement System (FERS) or the Civil Service Retirement System (CSRS) only after OPM has issued a final decision, also known as a reconsideration decision.

---

[2] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

5 U.S.C. §§ 8347(d), 8461(e); 5 C.F.R. §§ 831.110, 841.308; *see Morin v. Office of Personnel Management*, 107 M.S.P.R. 534, ¶ 8 (2007) (addressing the Board's jurisdiction over an appeal of OPM's administration of retirement benefits under CSRS), *aff'd per curiam*, 287 F. App'x 864 (Fed. Cir. 2008). If OPM completely rescinds a reconsideration decision, its rescission divests the Board of jurisdiction over the appeal in which that reconsideration decision is at issue, and the appeal must be dismissed. *Smith v. Office of Personnel Management*, 113 M.S.P.R. 259, ¶ 6 (2010) (finding no Board jurisdiction over OPM's denial of disability retirement benefits under FERS when OPM rescinded the reconsideration decision); *see Morin*, 107 M.S.P.R. 534, ¶ 8 (observing that, once OPM completely rescinds a CSRS reconsideration decision, the Board no longer retains jurisdiction over the appeal).

¶7        Here, OPM asserted below that it had rescinded the reconsideration decision and would issue a new final decision after the dismissal of this appeal. IAF, Tab 8 at 4; *cf. Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 14 (2014) (stating that the Board will take jurisdiction over an appeal concerning a retirement matter in which OPM has refused or improperly failed to issue a final decision); *Luzi v. Office of Personnel Management*, 106 M.S.P.R. 160, ¶ 9 (2007) (stating that the Board has jurisdiction over an appeal when it is apparent that OPM does not intend to issue a new reconsideration decision after rescinding a prior reconsideration decision). Although the appellant asserts in his petition for review that he has not received a new reconsideration decision, he has not challenged the accuracy of OPM's statement or identified any other basis on which to find that the Board retains jurisdiction over this appeal despite the rescission. PFR File, Tab 1 at 3; *see, e.g.*, *Smith*, 113 M.S.P.R. 259, ¶ 6. Further, his arguments on the merits of the appeal are irrelevant to the jurisdictional issue before the Board. PFR File, Tab 1 at 4-5; *see, e.g.*, *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012) (finding that the appellant's arguments on the merits of her appeal were not relevant to the jurisdictional question). Finally, the

appellant has not shown that the administrative judge abused his discretion by not imposing sanctions against OPM for not responding to his orders.  PFR File, Tab 1 at 4-5; *see Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 11 (2011) (stating that the imposition of sanctions is a matter within the administrative judge's sound discretion and, absent a showing that such discretion has been abused, the administrative judge's determination will not be found to constitute reversible error), *aff'd per curiam*, 498 F. App'x 1 (Fed. Cir. 2012).

¶8        Accordingly, we find that the administrative judge properly dismissed this appeal for lack of jurisdiction.[3]   If the appellant is dissatisfied with any subsequent OPM decision regarding his disability retirement benefits, he may request that OPM reconsider the decision and, if he is still dissatisfied, he may appeal OPM's final decision to the Board.  *See Smith*, 113 M.S.P.R. 259, ¶ 8. Any future appeal must be filed within the time limits set forth in the Board's regulations.  *See id.*; 5 C.F.R. § 1201.22(b)(1).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[3] Although the administrative judge found that the appellant was an employee under FERS and OPM's initial decision discussed FERS, ID at 1; IAF, Tab 5 at 19, the appellant indicated that he was enrolled in CSRS and the reconsideration decision discussed CSRS, IAF, Tab 1 at 3, Tab 5 at 9.  However, we need not determine which retirement system the appellant is enrolled in because, as explained above, the applicable laws and regulations require the issuance of a reconsideration decision for the Board to have jurisdiction under either retirement system.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.