# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| NADRA K. DUNBAR,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-0752-14-1003-I-1 |
| 　　　　v. | |
| DEPARTMENT OF<br>　TRANSPORTATION,<br>　　　　　　Agency. | DATE: November 15, 2016 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Nadra K. Dunbar, Oxon Hill, Maryland, pro se.

Thomas P. Healy and Christie Iannetta, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which sustained her removal. For the reasons set forth below, we GRANT the appellant's petition, VACATE the initial decision, and REMAND the appeal for further adjudication consistent with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2     The agency removed the appellant, a GS-14 Human Resources Specialist (Strategic Human Capital), based on the following charges: (1) insubordination by willfully refusing, on seven occasions, to make specific corrections to a draft 2008-2012 workforce plan; (2) making false statements on two occasions regarding her attendance; (3) intentional misrepresentation by listing herself as the author of the draft plan, even though she did not write large portions of it; (4) three specifications of creating workplace disruption; (5) six specifications of unprofessional behavior; and (6) two specifications of failing to follow her supervisor's instructions.[2]  Initial Appeal File (IAF), Tab 14 at 45, Tab 7 at 19, Tab 6 at 61.  On appeal, the appellant disputed the charges and argued that there was no nexus and that the penalty was unreasonable.  IAF, Tab 1 at 9, 11, 15. She also argued that the agency's action was in retaliation for her protected equal employment opportunity (EEO) activity, *id.* at 15, and for her whistleblowing activity, *id.* at 16.  She also alleged that the agency committed various procedural errors, *id.* at 10-14, and she requested a hearing, *id.* at 3.

¶3     Thereafter, the administrative judge issued an initial decision in which she found charges (1), (2), and (3) sustained, IAF, Tab 58, Initial Decision (ID) at 4‑9; charge (4) sustained based on two of three specifications, ID at 10-13; charge (5) sustained based on three of six specifications,[3] ID at 13-16; and charge (6) sustained,[4] ID at 17.  The administrative judge then found that a nexus existed between the sustained charges and the efficiency of the service.  ID at 17-18.  In considering the appellant's claim of retaliation for EEO activity and

---

[2] The agency placed the appellant on administrative leave from the date of the proposal notice to the effective date of the action.  Initial Appeal File (IAF), Tab 14 at 44.

[3] The administrative judge found that one specification of charge (5), unprofessional behavior, merged into charge (1), insubordination.  ID at 14.

[4] The administrative judge found that the two specifications of charge (6) addressed the same incident and thus should be considered as a single specification.  ID at 17.

whistleblowing, and harmful error, the administrative judge found that the appellant offered no testimonial or documentary evidence at the hearing, and that, based on a lack of proof, she failed to establish any of these affirmative defenses. ID at 18-19. Finally, the administrative judge found that the penalty of removal for the sustained charges was within the bounds of reasonableness. ID at 20-21. Accordingly, she affirmed the agency's action. ID at 1, 21.

¶4      The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, the agency has responded, PFR File, Tab 3, and the appellant has replied thereto,[5] PFR File, Tab 4.

## ANALYSIS

¶5      The appellant argues on review, inter alia, that the administrative judge abused her discretion regarding her discovery rulings, both by sanctioning the appellant for not complying with the administrative judge's rulings in favor of the agency's discovery requests and by not allowing the appellant to pursue discovery against the agency. PFR File, Tab 1 at 25-27, 29.

¶6      In the August 28, 2014 order acknowledging the appellant's appeal, the administrative judge advised the parties that initial discovery requests must be

---

[5] When the appellant electronically filed her reply, she indicated that her exhibits to that reply would be "sent via separate cover." PFR File, Tab 4 at 19. Three days later, she sent the exhibits by regular mail, explaining that she had been unable to upload them due to their size (the exhibits totaled 182 pages). PFR File, Tab 5. We do not consider them because they are either part of the record below, *see, e.g.*, *id.*, Exhibits A, E, G, K; *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (stating that evidence that is already a part of the record is not new); not new, *see, e.g.*, PFR File, Tab 5, Exhibits B-C, F, H; *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (stating that the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence); or not material, *see, e.g.*, PFR File, Tab 5, Exhibits L-M, O-P; *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

served on the other party within 30 calendar days of the date of the order.[6]  IAF, Tab 2 at 3.  On September 29, 2014, the agency filed a motion to suspend processing of the appeal for 30 days to allow the administrative judge to rule on its motion to dismiss certain of the appellant's claims based on her pending civil litigation in the U.S. District Court for the District of Columbia, and to afford the agency time to engage in discovery which, on its part, was underway.  IAF, Tab 22. On October 2, 2014, the appellant filed a motion to extend discovery, claiming that she never received the administrative judge's acknowledgment order which explained discovery and she had only "recently" learned of it through the agency's discovery request.  IAF, Tab 23.  On October 6, 2014, the administrative judge issued an order suspending case processing for 30 days, and stating that processing would resume on November 5, 2014.  IAF, Tab 25.

¶7    On October 20, 2014, the agency filed a motion to compel the appellant to respond to its discovery requests.  IAF, Tab 27.  The agency asserted that, on September 25, 2014, it timely served the appellant with a request for production of documents, interrogatories, and a request for admissions, but that, as of October 20, 2014, she had not responded, despite the administrative judge's having stated in her acknowledgment order that a party must respond to discovery requests within 20 days of receipt.  *Id.*  The administrative judge granted the agency's motion on October 23, 2014, directing the appellant to respond immediately or face possible sanctions upon the agency's properly filed motion, including the drawing of adverse evidentiary inferences against her.  IAF, Tab 28. The agency filed a second motion to compel on October 28, 2014, stating that the appellant had not responded to its October 3, 2014 supplemental discovery request seeking production of the Government-issued computer that she had not returned following her removal.  IAF, Tab 29.  The agency noted that the

---

[6] At that time, the hearing was scheduled for October 30, 2014.  IAF, Tab 21.  In fact, the hearing was held on January 14, 2015.  IAF, Tabs 35, 56.

appellant still had not complied with the administrative judge's order granting its first motion to compel. *Id.* The administrative judge granted the agency's second motion on October 30, 2014, directing the appellant to respond to the supplemental request immediately or face sanctions, including the drawing of adverse evidentiary inferences and prohibiting her from presenting certain evidence at the hearing. IAF, Tab 30.

¶8        On November 7, 2014, the agency filed a motion for sanctions, arguing that the appellant failed to comply with either of the administrative judge's orders. IAF, Tab 32. The agency acknowledged that, on November 5, 2014, the appellant mailed responses to its first discovery request, but it argued that her responses were incomplete, insufficient, and "in many cases incoherent." The agency suggested that the appropriate sanctions were the drawing of an adverse inference, admitting all requests for admissions, and/or the preclusion of evidence. *Id.* On November 21, 2014, the administrative judge granted the agency's motion for sanctions "for good cause shown," ordering that the appellant not be allowed to produce on her own behalf any evidence requested by the agency in its discovery requests. The administrative judge stated that the appellant was prohibited from offering factual testimony on any issue covered by the agency's discovery requests to which she refused to respond, and that, to the extent that the responses the appellant did provide were incoherent or incomprehensible, the agency should seek clarification from her. IAF, Tab 33. During the prehearing conference, the administrative judge directed the agency to state whether any of the appellant's proffered testimony or exhibits should be barred due to the administrative judge's having granted the agency's motion for sanctions.[7]   IAF, Tab 53. In response, the agency argued that the appellant

---

[7] On November 26, 2014, the appellant filed a motion to compel the agency to respond to her discovery requests. IAF, Tab 36. She argued that she did not receive the administrative judge's August 28, 2014 acknowledgment order until 2 months after it was sent to the agency, and had not received it on September 25, 2014, when the agency first served her with discovery requests. She further argued that she timely initiated

should be prohibited from offering evidence or factual testimony regarding her affirmative defenses.  IAF, Tab 54.  The appellant noted her objections to the administrative judge's rulings.  IAF, Tab 55.

¶9      An administrative judge has wide discretion over matters relating to discovery, and the Board will not reverse rulings on discovery matters absent an abuse of discretion.  *Parker v. Department of Housing & Urban Development*, 106 M.S.P.R. 329, ¶ 9 (2007).  The Board's regulations provide that, if a party fails or refuses to respond in full to a discovery request, the requesting party may file a motion to compel discovery.  The requesting party must serve a copy of the motion on the other party.  Before filing any such motion, the moving party shall discuss the anticipated motion with the opposing party, and all those involved shall make a good faith effort to resolve the discovery dispute and narrow the areas of disagreement.  5 C.F.R. § 1201.73(c).  The regulations further provide that any pleading in opposition to a motion to compel discovery must be filed within 10 days of the date of service of the motion.  5 C.F.R. § 1201.73(d)(3).

¶10     Here, as noted, the agency filed its first motion to compel on October 20, 2014, IAF Tab 27, and the administrative judge granted the motion 3 days later on October 23, 2014, IAF, Tab 28.  The agency filed its second motion to compel on October 28, 2014, IAF, Tab 29, and the administrative judge granted the motion 2 days later on October 30, 3014, IAF, Tab 30.  There is no suggestion that the agency representative discussed the anticipated motions with the appellant.  Moreover, the appellant clearly did not have 10 days to oppose the motions because of the speed with which the administrative judge granted them.

discovery on November 5, 2014, the end of the 30-day period during which the case processing was suspended.  *Id.*  After the agency responded, urging denial of the appellant's motion, IAF, Tab 37, the administrative judge issued an order denying the appellant's motion to compel on the basis that it was not in the proper format and did not state a basis for granting it, IAF, Tab 38.  The appellant filed a motion for reconsideration, IAF, Tab 50, but the administrative judge denied the motion, IAF, Tab 53.

Additionally, both of the agency's motions were filed and both of the administrative judge's rulings were made during the 30-day period when she had suspended case processing. The administrative judge did not, in her ruling to suspend case processing, explain the implications that ruling would have on the discovery process. IAF, Tab 25. It is likely that the appellant perceived that no action would be taken during the period of suspended case processing because she responded to the agency's first discovery request on the day case processing was to resume, November 5, 2014, IAF, Tab 32, and she also, that same day, served the agency with her discovery request, IAF, Tabs 36-37. Guidance set forth in the Administrative Judges' Handbook provides that, if the parties contact the administrative judge during the period of suspended processing for assistance relative to discovery, and if the administrative judge's involvement is likely to be extensive, the administrative judge will notify the parties that it will be necessary to take the case off suspension and return it to standard processing. *See* Merit Systems Protection Board Judges' Handbook, Ch. 3, § 12. The administrative judge's granting of two motions to compel discovery during the period of suspension suggests that her involvement in the discovery process was extensive. For all these reasons, we find that the administrative judge abused her discretion in granting the agency's motions to compel.

¶11 Administrative judges may impose sanctions upon the parties as necessary to serve the ends of justice. 5 C.F.R. § 1201.43. When a party fails to comply with an order, the administrative judge may "[p]rohibit the party failing to comply with the order from introducing evidence concerning the information sought, or from otherwise relying upon testimony related to that information." 5 C.F.R. § 1201.43(a)(2). The imposition of sanctions is a matter within the administrative judge's sound discretion, and absent a showing that such discretion has been abused, the administrative judge's determination will not be found to constitute reversible error. *Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 11 (2011), *aff'd*, 498 F. App'x 1 (Fed. Cir. 2013).

¶12      In this case, the administrative judge granted "for good cause shown" the agency's motion for sanctions against the appellant for failing to comply with the two orders to compel.[8]   IAF, Tab 33.   Because we have found that the administrative judge abused her discretion in granting the agency's motions to compel discovery, and because those motions formed the foundation for its motion for sanctions, we likewise must find that the administrative judge abused her discretion in granting the agency's motion for sanctions.

¶13      In finding that the appellant failed to establish her affirmative defenses, the administrative judge found that she did not seek to introduce any testimony or evidence on those defenses, and that therefore the administrative judge did not have to rule on whether such information should be excluded. ID at 3. However, it appears likely that, based on the administrative judge's ruling and the agency's response as to how it should be effectuated, IAF, Tab 54, the appellant believed that the administrative judge already had determined, prior to the hearing, not to accept evidence relating to the appellant's affirmative defenses and thus that she was precluded from offering such evidence.   IAF, Tab 55 (the appellant's objections to the prehearing conference summary).

¶14      The administrative judge's ruling precluded the appellant from offering evidence or factual testimony regarding her affirmative defenses. Then, based on a lack of proof, the administrative judge found against her on those defenses. They included retaliation for protected EEO activity, specifically, the appellant's having filed two EEO complaints and participated in the complaint of a coworker which, like hers, named the appellant's supervisor, retaliation for protected

---

[8] As noted, in its motion for sanctions, the agency conceded that the appellant had, 2 days before, responded to its first discovery request, but argued that her responses were incomplete. IAF, Tab 32. To the extent that the administrative judge relied upon that argument in granting the agency's motion for sanctions, we are not convinced that the appellant, appearing pro se at this point in the proceedings, failed to make a good faith effort in responding to the agency's discovery requests. *Id.* at 52-59; *see Wiggins v. Department of the Air Force*, 113 M.S.P.R. 443, ¶ 12 (2010).

disclosures the appellant made regarding prohibited personnel practices at the agency and allegedly illegal information technology, cyber-security, and Privacy Act violations, and harmful procedural error regarding restrictions on her right to make an oral reply to the charges. IAF, Tab 1 at 14-16. Our reviewing court has ruled that it is an abuse of discretion to exclude evidence during a Board proceeding that would tend to support an employee's claim of retaliation for whistleblowing, and then use that lack of evidence to find against the employee on that claim. *Whitmore v. Department of Labor*, 680 F.3d 1353, 1369‑70 (Fed. Cir. 2012). The administrative judge's discovery rulings in this case and her findings on the appellant's affirmative defenses are the kinds of actions that the court in *Whitmore* cautioned against. *See id.* at 1369.

¶15        Under these circumstances, we find that the appellant was denied the ability to develop the record on her affirmative defenses and that therefore this case must be remanded. On remand, the administrative judge shall, in accordance with the Board's regulations, allow the appellant to engage anew in discovery as to her affirmative defenses only.[9] Thereafter, the administrative judge shall convene a supplemental hearing confined to those issues after which she shall issue a new initial decision. If, on remand, the administrative judge finds that the appellant has failed to prove any of these claims, she may adopt the findings from her first initial decision as to the charges, nexus, and the reasonableness of the penalty.[10]

---

[9] We therefore make no findings as to the propriety of the administrative judge's denial of the appellant's motion to compel.

[10] Accordingly, we need not, at this time, address the appellant's claims of error regarding these findings.

**ORDER**

¶16        For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.