# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANTHONY TERRELL LEE,
                    Appellant,

v.

DEPARTMENT OF THE ARMY,
                    Agency.

DOCKET NUMBER
AT-1221-18-0208-W-1

DATE: February 12, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Anthony Terrell Lee</u>, Saint Marys, Georgia, pro se.

<u>Elizabeth Moseley</u>, Millington, Tennessee, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal as untimely filed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

For the reasons described in the initial decision, we agree with the administrative judge's finding that the appellant failed to prove that he timely filed his IRA appeal after receiving a close-out letter from the Office of Special Counsel dated September 11, 2013. Initial Appeal File (IAF), Tab 16, Initial Decision (ID) at 3-5; *see* 5 U.S.C. § 1214(a)(3)(A)(ii)[2]; *MacDonald v. Department of Justice*, 105 M.S.P.R. 83, ¶ 11 (2007); 5 C.F.R. §§ 1201.57(c)(2), 1209.5(a)(1). We further agree with the administrative judge's finding that the appellant failed to allege circumstances that would justify applying the doctrine of equitable tolling to the filing deadline. ID at 4-5; *see Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 10 (2014) (observing that equitable tolling is a rare remedy that is to be applied in unusual circumstances and generally requires a showing that the litigant has been pursuing his rights diligently and some extraordinary circumstances stood in his way); 5 C.F.R. § 1209.5(b).

In his petition for review, the appellant reasserts his claim that he timely filed a Board appeal in October 2013. Petition for Review (PFR) File, Tab 1

---

[2] The National Defense Authorization Act for Fiscal Year 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017. Section 1097 of the NDAA amended various provisions of Title 5 of the U.S. Code. Our decision to dismiss this appeal would be the same under both pre- and post-NDAA law.

at 11; IAF, Tab 7 at 4-5. He further claims that the Board stopped responding to or acknowledging his submissions after a prehearing conference was held on January 26, 2010, in his prior removal appeal. PFR File, Tab 1 at 11; *Lee v. Department of the Army*, MSPB Docket No. AT-0752-10-0186-I-1, Initial Appeal File (0186 IAF), Tab 15 (summarizing the telephonic conference). We discern no reason to disturb the administrative judge's timeliness findings based on the appellant's arguments on review.

For the first time on review, the appellant asserts that the administrative judge assigned to his prior removal appeal made an oral ruling during the January 26, 2010 prehearing conference, and that he is seeking to memorialize that oral ruling through the instant appeal. PFR File, Tab 1 at 4, 7-8, 11-13, 23-24; 0186 IAF, Tab 15. To the extent the appellant's petition for review may be construed as a request to reopen his prior removal appeal on the Board's own motion under 5 C.F.R. § 1201.118, we deny his request. *See Jennings v. Social Security Administration*, 123 M.S.P.R. 577, ¶¶ 2-3, 14-23 (2016) (denying the appellant's request to reopen his prior removal appeal); 5 C.F.R. § 1201.118 (providing that the Board will exercise its discretion to reopen an appeal only in unusual or extraordinary circumstances and generally within a short period of time after the decision becomes final). The appellant has failed to allege unusual or extraordinary circumstances that would justify reopening his removal appeal over 8 years after the decision in that appeal became final. *Lee v. Department of the Army*, MSPB Docket No. AT-0752-10-0186-I-1, Final Order at 1-2 (Oct. 26, 2010); *see Jennings*, 123 M.S.P.R. 577, ¶ 17. Moreover, the appellant has identified no clear and material legal error by the prior administrative judge warranting reopening of the Board's final decision in his removal appeal. *See Jennings*, 123 M.S.P.R. 577, ¶ 19. In addition, despite the appellant's assertion that the administrative judge erred in applying res judicata, we discern no reason to disturb her finding that res judicata precludes the Board from addressing the agency's removal action a second time. PFR File, Tab 1 at 10; ID at 5; *see, e.g.,*

*Page v. Department of the Navy*, 101 M.S.P.R. 513, ¶ 2 n.1 (2006) (finding that, in an IRA appeal, the appellant's claims concerning his removal were barred by res judicata when he already had litigated such claims in a separate removal appeal).

Although the appellant reasserts his claim that he was denied due process when he was escorted out of the building after receiving notice of his proposed removal, the Board has held that a notice of proposed removal is not an otherwise appealable action that may be appealed directly to the Board.  PFR File, Tab 1 at 14-15; IAF, Tab 1 at 5, Tab 4 at 15-17; *see Weber v. Department of the Army*, 45 M.S.P.R. 406, 409 (1990).  Accordingly, we find that the appellant's claim regarding his alleged "early" termination provides no reason to disturb the initial decision.

The appellant makes the following additional arguments on review:  the initial decision conflicts with the Merit Systems Protection Board's report titled "What is Due Process in Federal Civil Service Employment?"; the administrative judge's dismissal of his appeal denied him his constitutional right to due process; and the administrative judge erroneously stated that he was terminated in December 2009 rather than in November 2009.  PFR File, Tab 1 at 4, 9; ID at 1. The appellant's additional arguments on review fail to provide a reason to disturb the initial decision because they are immaterial to the dispositive timeliness issue. Moreover, we find that the appellant's submission of documentation related to the Board's due process report, his prior Board appeals, and his discrimination complaint provide no basis to disturb the initial decision.  PFR File, Tab 1 at 5, 16-23; *see Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

Finally, we deny the appellant's motions for sanctions and requests to strike the agency's responses to his petition for review and to his motion for

sanctions. PFR File, Tab 4 at 4-8, 11-14, Tab 6 at 4, 6-8. The appellant has failed to show that sanctions are necessary to serve the ends of justice. *See Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 11 (2011), *aff'd*, 498 F. App'x 1 (Fed. Cir. 2012); 5 C.F.R. § 1201.43. Further, we discern no basis on which to strike the agency's pleadings on review, which are provided for by the Board's regulations. PFR File, Tabs 3, 5; *see* 5 C.F.R. § 1201.114(a)(3). Moreover, we deny the appellant's request to order the agency representative to identify whether she is the same agency representative who testified during a deposition for a prior Board appeal. PFR File, Tab 4 at 13-14.

Accordingly, we affirm the dismissal of this IRA appeal as untimely filed.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

<u>receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.