## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KENNETH R. KENT,
          Appellant,

          v.

SOCIAL SECURITY
     ADMINISTRATION,
          Agency.

DOCKET NUMBER
DE-0752-16-0391-I-1

DATE: October 27, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kenneth R. Kent, The Woodlands, Texas, pro se.

Chad M. Troop and Sara Pappas Bellamy, Denver, Colorado, for the
     agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1       The appellant has filed a petition for review of the initial decision, which
sustained the agency's action suspending him for 30 days. Generally, we grant
petitions such as this one only in the following circumstances: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and the appellant's motions to submit additional evidence. Except as expressly MODIFIED to: (1) clarify the applicable standards to prove a charge of failure to follow instructions; (2) address the appellant's affirmative defense claim of harmful procedural error; and (3) refine the analysis of the appellant's claim of reprisal for engaging in protected equal employment opportunity (EEO) activity, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant, formerly a Social Insurance Specialist at the agency's Workload Support Unit in Golden, Colorado, timely appealed the agency's decision suspending him for 30 days for inappropriate conduct (three specifications) and failure to follow instructions (one specification).[2] Initial Appeal File (IAF), Tab 1, Tab 5 at 6. In support of the charge of inappropriate conduct, the agency relied upon specifications describing the appellant's behavior during meetings with his supervisors on December 28, 2015, January 25, 2016,

---

[2] The agency subsequently removed the appellant from his position, he appealed to the Board, and an administrative judge affirmed the removal action. *Kent v. Social Security Administration*, MSPB Docket No. DE-0752-17-0171-I-1, Initial Decision (Sept. 29, 2017). The appellant's petition for review in that appeal is pending.

and January 26, 2016; and the charge of failure to follow instructions involved the appellant's failure to follow his first-level supervisor's instruction to provide the status of claims assigned to him. IAF, Tab 5 at 30-31. Following a hearing, the administrative judge issued an initial decision sustaining the 30-day suspension. IAF, Tab 54, Initial Decision (ID). Specifically, he found that the agency had proven its charges and that the appellant had not proven his affirmative defenses of reprisal for protected EEO activity, due process violations, and stale (or untimely) charges. ID at 3-20. The administrative judge further found that the agency established a nexus between the charged conduct and the efficiency of the service, and that the penalty fell within the tolerable limits of reasonableness. ID at 20-24.

¶3    The appellant has timely filed a petition for review in which he challenges the administrative judge's rulings on appeal and findings in the initial decision. Petition for Review (PFR) File, Tab 1. The agency has filed an opposition to the petition. PFR File, Tab 3. The appellant also has filed a motion to submit additional evidence. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's motion to submit additional evidence is denied.

¶4    The appellant on review filed a motion to submit additional evidence. In support of this motion, he alleges that the agency "manipulated" audio recordings admitted into evidence at the hearing and that his audio recordings are the original, unedited versions of the recordings already entered into evidence. PFR File, Tab 1 at 1-2, Tab 4. The record reflects that the appellant filed three audio recordings of meetings with several of his supervisors as part of his prehearing submissions, two of which recorded meetings on December 28, 2015, and one of which recorded a meeting on January 25, 2016. IAF, Tab 23. The agency also submitted three recordings as part of its prehearing submissions, labeled as Agency Exhibits 1-3. IAF, Tab 35 at 10, Tab 42. During the hearing, the agency

played back in its entirety the recording identified as Agency Exhibit 2 and the first 16 minutes of the recording identified as Agency Exhibit 3. IAF, Tab 42, Hearing Recording (HR) (testimony of the proposing official and the first-level supervisor). The proposing official identified Agency Exhibit 2 as an accurate recording of one of her December 28, 2015 meetings with the appellant, which formed the basis of the first specification of the first charge of inappropriate conduct, and the appellant's first-level supervisor identified Agency Exhibit 3 as an accurate recording of his January 25, 2016 meeting with the appellant, which formed the basis of the second specification of the first charge. HR (testimony of the proposing official and the first-level supervisor); IAF, Tab 4 at 30. The appellant objected to the agency playing excerpts from the recordings, rather than playing the recordings in their entirety, and the administrative judge overruled his objection but nevertheless admitted the recordings in their entirety into the record. HR (statement of the appellant). The appellant did not object below to the authenticity of the recordings, and his failure to lodge such an objection below precludes him from doing so on review. *See McCarthy v. International Boundary & Water Commission*, 116 M.S.P.R. 594, ¶ 25 (2011) (holding that the appellant's failure to timely object to rulings during the hearing precluded him from doing so on petition for review), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012).

¶5          The appellant, though, failed to show that the recordings he seeks to submit on review constitute new and material evidence that was unavailable before the record closed. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (finding that the Board generally will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). In any event, after reviewing Agency Exhibits 1-3, we have determined that they appear to be identical to the recordings submitted below by the appellant; there is no evidence that the agency changed the recordings he provided or that they are otherwise inauthentic. Moreover, the appellant's specific arguments about the

veracity of the recordings actually are an attack on the credibility of the witnesses, an issue that we fully address below. Accordingly, the appellant's motion to submit additional evidence is denied.[3]

<u>The administrative judge properly sustained the charges of inappropriate conduct and failure to follow instructions.</u>

¶6      On petition for review, the appellant argues that the agency did not produce sufficient evidence to substantiate the charges and he disputes the administrative judge's credibility determinations. PFR File, Tab 1 at 2-4. We disagree.

¶7      The initial decision reflects that the administrative judge thoroughly considered the evidence as a whole and made detailed credibility findings that considered the pertinent factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).[4] The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The administrative judge found that the appellant's supervisors testified consistently with each other when they stated that the appellant engaged in the charged misconduct, and that their testimony was corroborated by the documentary evidence and the audio recordings in the record.[5] ID at 3-15. The administrative judge also found that,

---

[3] On May 4, 2022, the appellant filed a second motion for leave to submit new evidence, asserting that he had new and material information that was relevant to this case and his other pending case, *Kent v. Social Security Administration*, MSPB Docket No. DE-0752-17-0171-I-1. Petition for Review (PFR) File, Tab 11. The appellant asserts that his new evidence demonstrates "a nexus between [the agency's] charges, and Due Process, Prohibited Personnel Practice, Weingarten violations, Retaliatory Animus, Arbitrary, Capricious, and abuse of Discretion violations." *Id.* at 5. The appellant does not, however, explain with any specificity the nature of the evidence, its need to be submitted, or its relevancy to the material issues in this appeal. Accordingly, we deny the appellant's motion. 5 C.F.R. § 1201.114(a)(5).

[4] In *Hillen*, the Board set forth factors that an administrative judge must consider when trying to resolve credibility issues. *Hillen*, 35 M.S.P.R. at 458.

[5] As to the third specification of the first charge, the administrative judge erroneously stated that the first-level supervisor's and proposing official's testimony "is consistent

while the appellant generally denied the charges, he did not dispute most of the facts underlying the first charge, and he did not testify as credibly as his first-level supervisor did regarding the facts underlying the second charge. *Id.* We discern no reason to disturb the administrative judge's findings, as the record reflects that he considered the evidence as a whole, drew appropriate inferences from the evidence, and made reasoned conclusions on the issue of credibility. *Id.*; *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶8    However, we modify the initial decision to reflect the proper standard to prove a charge of failure to follow instructions under the circumstances of this case. In the order and summary of the prehearing conference and in the initial decision, the administrative judge stated that the agency, as part of its burden of proof on the second charge, was required to establish that the appellant's failure to follow instructions endangered the safety of persons or property.[6] ID at 12; IAF, Tab 45 at 6. This was erroneous. To prove a charge of failure to follow instructions in this case, the agency only needed to establish that the appellant: (1) was given proper instructions; and (2) failed to follow the instructions, without regard to whether the failure was intentional or unintentional. *Powell v. U.S. Postal Service*, 122 M.S.P.R. 60, ¶ 5 (2014). The administrative judge's

---

with the recording of the meeting," as no audio recording of the meeting described in the specification was admitted into evidence. ID at 11. However, this finding did not prejudice the appellant, as the administrative judge properly found the supervisors' testimony credible and consistent with each other and the documentary evidence. *Id.*

[6] The administrative judge issued an Erratum following the order and summary, noting that the agency objected to this labeling of the charge. The administrative judge corrected the label of the charge, indicating that the extraneous language was "an artifact from an unrelated appeal." Nonetheless, this improper label re-emerged in the initial decision.

inclusion of an additional requirement appears to have been an inadvertent error, which did not materially alter his correct conclusion that this charge should be sustained.  IAF, Tab 47 at 1.

¶9      Accordingly, we affirm the administrative judge's finding that the agency proved its charges.

The appellant failed to show that the administrative judge erred by excluding his witnesses or by sanctioning him for failing to comply with an order to produce discovery.

¶10      On review, the appellant argues that the administrative judge erred by excluding his requested witnesses and by sanctioning him for failing to comply with an order to produce discovery.  PFR File, Tab 1 at 2-3.  We disagree.  We find that the administrative judge did not abuse his discretion in so ruling. Despite being provided several opportunities to do so, the appellant did not identify the substance and relevance of his proposed witnesses' testimony.  IAF, Tab 21,  Tab 45  at 11-12,  Tab 48  at 3;  *see*  5 C.F.R.  § 1201.41(b)(10)  (an administrative judge is authorized to "[o]rder the production of evidence and the appearance of witnesses whose testimony would be relevant, material, and nonrepetitious").  Additionally, the record supports the administrative judge's finding that, despite several warnings, the appellant failed to comply with the administrative judge's order to produce responses to specific agency discovery requests.  IAF, Tab 19, Tab 22 at 2, Tab 33 at 1-2.  Consequently, we find that it was within the administrative judge's discretion to impose sanctions limiting the appellant's introduction of evidence related to his affirmative defenses.  *See Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 11 (2011) (stating that imposing sanctions is a matter within the administrative judge's sound discretion and, absent a showing that such discretion has been abused, the decision will not be found to constitute reversible error), *aff'd per curiam*, 498 F. App'x 1 (Fed. Cir. 2012).

¶11     The appellant also argues that the agency failed to call him to testify at the hearing and that the administrative judge failed to ask him questions during the hearing. PFR File, Tab 1 at 2. Our review of the record reflects that the appellant did testify at the hearing. In fact, he was approved as a joint witness for both parties. IAF, Tab 45 at 11 & n.5. Because the appellant testified on his own behalf, there was no need for the agency to also call him as a witness; that would have been duplicative. And, although the appellant asserts that the administrative judge did not ask him questions at the hearing, an administrative judge has the option of asking a witness questions, but he is not required to do so. The record also reflects that the appellant was permitted to cross-examine agency witnesses at length during the hearing, thereby allowing him to defend against the charges.

¶12     The appellant argues, moreover, that—in finding that the appellant did not deny the charges—the administrative judge erred by failing to consider the appellant's deposition testimony in which he denied the charges. The administrative judge, when declaring in the initial decision that the appellant did not deny the charges, was referring to the appellant's testimony at the Board's hearing, and not at the deposition. ID at 6, 9, 11 ("[t]he appellant testified at the hearing, but did not specifically address the factual allegations supporting" the charges). The administrative judge most likely did not refer to the appellant's deposition testimony because neither party introduced this deposition testimony into the record. HR (testimony of the appellant). However, the administrative judge, as to the first charge, pointed out that the appellant generally denied the charged misconduct in his written reply to the notice of proposed suspension, yet he found that the appellant did not otherwise contest the agency's version of facts or assert a different course of action. ID at 6, 9, 11. Likewise, the administrative judge, as to the second charge, highlighted that the appellant testified at the hearing that he provided an email response to the supervisory instruction, thereby challenging the agency's claim that he did not follow a supervisory instruction, but the administrative judge indicated that the appellant "did not state on which

date he provided" this response. ID at 14. The administrative judge also quoted an unsworn statement the appellant provided to contest the second charge, but the administrative judge found the agency's contrary evidence on this charge to be more credible. *Id.* We see no reason to disturb these findings. As a result, we find that the administrative judge did not abuse his discretion and acted appropriately by fully developing the record, conducting a fair hearing, and ensuring an impartial and just adjudication of this matter. *See* 5 C.F.R. § 1201.41.

The appellant has not demonstrated that the administrative judge abused his discretion in making rulings on the appellant's affirmative defenses.

¶13    On review, the appellant challenges the administrative judge's prehearing rulings that identified the issues to be adjudicated. PFR File, Tab 1 at 1-4. An administrative judge has wide discretion to control the proceedings, including holding prehearing conferences for the simplification of issues and ruling on exhibits and witnesses. *Doe v. Department of Justice*, 118 M.S.P.R. 434, ¶ 38 (2012); 5 C.F.R. § 1201.41. The Board will not overturn an administrative judge's rulings absent a showing of an abuse of discretion. *Doe*, 118 M.S.P.R. 434, ¶ 38.

¶14    The appellant has not shown that the administrative judge abused his discretion by identifying race discrimination and reprisal for prior EEO activity as affirmative defense issues to be adjudicated. PFR File, Tab 1 at 1. The administrative judge's order summarizing the prehearing conference stated that the appellant raised race discrimination as an affirmative defense, but, as the administrative judge noted in the initial decision, the appellant withdrew this affirmative defense at the start of the hearing, and so the administrative judge correctly did not adjudicate this issue. IAF, Tab 45 at 5, 7-9, Tab 48 at 1-2, Tab 52, HR (statement of the appellant); ID at 15. On the other hand, the appellant raised EEO reprisal as an affirmative defense throughout the proceedings, including during the hearing, and thus the administrative judge

properly identified and adjudicated this defense.  IAF, Tab 1 at 2, Tab 45 at 5, HR (statement of the appellant); ID at 15-18.

¶15    Next, the appellant again raises a claim of harmful procedural error.  PFR File, Tab 1.  On appeal, he alleged in his prehearing statement and during the hearing that the agency failed to investigate the incidents underlying the charges and did not timely propose his discipline in violation of the applicable collective bargaining agreement (CBA).  IAF, Tab 21 at 2, HR (testimony of the appellant).  The administrative judge addressed the issue of the timeliness of the discipline in considering whether the charges were stale, but he did not consider the issue the appellant raised as a potential violation of the CBA.  ID at 19-20.

¶16    We find that the administrative judge should have identified and adjudicated this argument raised by the appellant.  However, this error does not warrant reversal of the initial decision because it did not adversely affect the appellant's substantive rights.[7]  *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (stating that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

¶17    To prove harmful procedural error, the appellant must show both that the agency committed procedural error and that the error was harmful.  *Rogers v. Department of Defense*, 122 M.S.P.R. 671, ¶ 7 (2015).  The appellant alleged that the agency violated Article 3-6(G) of the CBA, which provides that, "[i]n conducting investigations regarding a non-criminal matter that may result in an adverse determination . . . the parties are reminded that the Privacy Act requires that, to the extent practicable, information should be initially collected directly from the subject employee."  IAF, Tab 4 at 21, Tab 21 at 2.  It is unclear whether the agency conducted an "investigation" as contemplated by Article 3-6(G) prior

_____

[7] The administrative judge notified the appellant of the elements and his burden to prove harmful procedural error in his order summarizing the prehearing conference. IAF, Tab 45 at 7.

to proposing the appellant's 30-day suspension, but the question of whether the agency complied with the Privacy Act is not one over which the Board has jurisdiction. *Social Security Administration v. Carr*, 78 M.S.P.R. 313, 333 n.3 (1998), *aff'd*, 185 F.3d 1318 (Fed. Cir. 1999); *see also Martin v. Department of the Army*, 251 F.3d 170 (Fed. Cir. 2000) (Table) (holding that alleged violations of the Privacy Act properly lie in district court).[8]   To the extent that, notwithstanding the Privacy Act, the CBA required the agency, as practicable, to collect information directly from the appellant, we find that the appellant's meetings with his supervisors that form the basis of the first charge, and his discussion with his first-level supervisor as narrated in the second charge, meet this standard.   IAF, Tab 5 at 30-31.   Additionally, contrary to the appellant's assertions, the agency was not required under the CBA to conduct an investigation prior to proposing an adverse action.   IAF, Tab 4 at 36.   The appellant also did not show that the agency failed to timely propose discipline under the CBA, as the applicable CBA provision, Article 23-2, does not define a "timely" initiation of an action, nor did the appellant put forth evidence to define the term.[9]   *Id.*   Even if the appellant could show that the agency violated the CBA, he did not explain why the violations were harmful.   Thus, the appellant did not show that the agency committed harmful procedural error.

<u>The administrative judge properly found that the appellant did not prove his affirmative defenses.</u>

¶18        On review, the appellant has not disputed the administrative judge's findings that the appellant did not prove either that a due process error occurred

---

[8] The Board may follow a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit when, as here, it finds its reasoning persuasive. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

[9] The administrative judge excluded witnesses that the appellant claimed would testify about procedural error; however, we find no error in this ruling because the appellant did not articulate the relevance of each witness's testimony to the procedural errors at issue and has not alleged that the witnesses were able to address the issue of timeliness under the CBA.  IAF, Tab 48 at 3.

or that the agency unreasonably delayed in bringing stale charges to support its disciplinary action or that he was materially prejudiced by any such delay, ID at 18-20, and we see no reason to disturb those findings.

¶19    The appellant, however, asserts that the administrative judge erred in finding that reprisal for his participation in protected EEO activity was not a motivating factor in the agency's decision to suspend him.  ID at 15-20.  In so finding, the administrative judge applied the evidentiary standards set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 42-43, 51 (2015), *overruled in part by Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶¶ 23-25; ID at 15-18.  In *Savage*, the Board stated that, when an appellant asserts an affirmative defense of discrimination or reprisal, the Board first will inquire whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action.  *Savage*, 122 M.S.P.R. 612, ¶ 51.  The Board further stated that, in making his initial showing, an appellant may rely on direct evidence or any of the three types of circumstantial evidence described in *Troupe v. May Department Stores Co.*, 20 F.3d 734 (7th Cir. 1994), i.e., pretext, comparator or "convincing mosaic," either alone or in combination.  *Savage*, 122 M.S.P.R. 612, ¶ 51.

¶20    The Board has since clarified that *Savage* does not require administrative judges to separate "direct" from "indirect" evidence and to proceed as if such evidence were subject to different legal standards, or to require appellants to demonstrate a "convincing mosaic" of discrimination or reprisal.  *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 29 (2016), 123 M.S.P.R. 647, ¶ 29 (quoting *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 764 (7th Cir. 2016)), *clarified by Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶¶ 23-24.  Instead, as the Board stated in *Savage*, the dispositive inquiry is whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action.  *Gardner*, 123 M.S.P.R. 647, ¶ 30; *see Savage*, 122 M.S.P.R. at 613, ¶ 51.  Here, the

administrative judge discussed the distinction between direct and circumstantial evidence, but there is no indication that he disregarded any evidence because it was not direct or circumstantial, and we conclude that he properly considered the evidence as a whole in finding that the appellant failed to prove by preponderant evidence that reprisal was a motivating factor in the removal action. ID at 15-18. As such, we discern no basis upon which to disturb the administrative judge's findings denying the appellant's affirmative defenses.[10] *See Clay*, 123 M.S.P.R. 245, ¶ 6.

The appellant failed to show that the administrative judge was biased or that the administrative judge should have recused himself.

¶21    In addition, the appellant argues that the administrative judge was biased and erred by not recusing himself from the case after the appellant requested recusal and that the administrative judge made adverse rulings against the appellant following the recusal request. PFR File, Tab 1 at 1. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 19 (2016); *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Here, the appellant's disagreement with the administrative judge's rulings is not sufficient to show bias. *Diggs v. Department of Housing & Urban*

---

[10] Because we discern no error with the administrative judge's motivating factor analysis or conclusion regarding this claim, we need not resolve the issue of whether the appellant proved that retaliation was a "but-for" cause of the agency's decision. *See Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

*Development*, [114 M.S.P.R. 464](#), ¶ 9 (2010). We also have reviewed the administrative judge's ruling denying the appellant's motion to recuse and the administrative judge's conduct in this matter, and we find no evidence of favoritism or antagonism warranting reversal of the initial decision. IAF, Tab 45 at 2-4; *see Washington v. Department of the Interior*, [81 M.S.P.R. 101](#), ¶ 15 (1999) (holding that litigants are entitled to an unbiased administrative judge, albeit not necessarily one of their choosing, and that an administrative judge "is as much obligated not to recuse himself when it is not called for as he is obliged to when it is") (quoting *In re Drexel Burnham Lambert, Inc.*, [861 F.2d 1307](#), 1312 (2d Cir. 1988)).

## The administrative judge properly found that a nexus existed between the charged conduct and the efficiency of the service and that the penalty was within the tolerable limits of reasonableness.

¶22      Finally, the appellant challenges the administrative judge's findings that the agency proved a nexus between his conduct and the efficiency of the service. PFR File, Tab 1 at 3-4. However, his arguments regarding nexus address the administrative judge's rulings and findings regarding the charges, which we have addressed above, and are not relevant to the issue of nexus. The appellant's arguments challenging the penalty are similarly not relevant. It is not exactly clear what he is asserting when he argues that the "Table of Penalties relate to my statement that (I am not a child)" and that this and other factors weighed too heavily in the assessment of the penalty. PFR File, Tab 1 at 3. According to the agency, though, it does not have a table of penalties to consider in assessing the appellant's misconduct. In any event, there is no evidence that the statement that the appellant is referencing in this argument was ever considered by the deciding official or the administrative judge in assessing the penalty. *Id.* at 3; IAF, Tab 5 at 8-17. The record reflects that the administrative judge properly found that the agency proved a nexus between the appellant's conduct and the efficiency of the service, and that the penalty was within the tolerable limits of reasonableness.

We see no reason to disturb the administrative judge's well-reasoned findings on these matters.  ID at 20-24; *see Clay*, 123 M.S.P.R. 245, ¶ 6.

¶23    Accordingly, we affirm the initial decision, as modified by this Final Order.

## NOTICE OF APPEAL RIGHTS[11]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[11] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[12]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[12]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.